**F I L E D**
CLERK, U.S. DISTRICT COURT

06/07/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11              March 2023 Grand Jury

| | |
|---|---|
| 12  UNITED STATES OF AMERICA, | No. 8:23-cr-00073-JVS |
| 13          Plaintiff, | I N D I C T M E N T |
| 14          v. | [18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearm in Furtherance of Drug Trafficking Crime; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), 21 U.S.C. § 853: Criminal Forfeiture] |
| 15  BINH MA, | |
| 16          Defendant. | |
| 17 | |
| 18 | |
| 19 | |

20

21     The Grand Jury charges:

22                    COUNT ONE

23              [18 U.S.C. § 922(g)(1)]

24     On or about April 8, 2023, in Orange County, within the Central

25 District of California, defendant BINH MA knowingly possessed the

26 following ammunition loaded into a 9 mm Glock-style handgun, bearing

27 no serial number (commonly referred to as a "ghost gun"), in and

28 affecting interstate and foreign commerce:

(1) four rounds of Tula Cartridge Works 9 mm caliber ammunition; and

(2) three rounds of Cascade Cartridges, Inc. 9 mm caliber ammunition.

Defendant MA possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Stalking, in violation of California Penal Code Section 646.9, in the Superior Court for the State of California, County of Orange, case number 98WF1976, on or about December 2, 1999;

2.    Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Orange, case number 03NF3909, on or about January 5, 2005;

3.    Possession of Controlled Substance with Intent to Sell, in violation of California Health and Safety Code Section 11378; Sale or Transport of Controlled Substance, in violation of California Health and Safety Code Section 11379(a); and Possession of a Firearm by a Felon, in violation of California Penal Code Section 12021(a)(1), in the Superior Court for the State of California, County of Orange, case number 04ZF0068, on or about August 19, 2005;

4.    Conspiracy to Commit a Crime, in violation of California Penal Code Section 182(a)(1), in the Superior Court for the State of California, County of Orange, case number 17WF0970, on or about August 14, 2018;

5.    Possession of a Controlled Substance while Armed with a Firearm, in violation of California Health and Safety Code Section 11370.1(a), in the Superior Court for the State of

California, County of Orange, case number 17WF1052, on or about August 14, 2018;

6.   Unlawful Taking of Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Orange, case number 17CF1178, on or about August 14, 2018;

7.   Unlawful Taking of Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Orange, case number 18WF1188, on or about August 14, 2018; and

8.   Possession of Ammunition by Prohibited Person, in violation of California Penal Code Section 30305(a)(1); and Possession for Sale of Controlled Substance, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Orange, case number 21WF1233, on or about May 6, 2022.

```
1                            COUNT TWO

2                   [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

3        On or about April 8, 2023, in Orange County, within the Central

4   District of California, defendant BINH MA knowingly and intentionally

5   possessed with intent to distribute approximately 24.7 grams of a

6   mixture and substance containing a detectable amount of N-phenyl-N-

7   [1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a

8   Schedule II narcotic drug controlled substance.

9        Prior to committing the offense alleged in this Count, defendant

10  MA had been finally convicted of the following felony drug offenses

11  as that term is defined and used in Title 21, United States Code,

12  Sections 802(44), 841, and 851:

13       1.   Possession of a Controlled Substance, in violation of

14  California Health and Safety Code Section 11377(a), in the Superior

15  Court for the State of California, County of Orange, case number

16  03NF3909, on or about January 5, 2005;

17       2.   Possession of Controlled Substance with Intent to Sell, in

18  violation of California Health and Safety Code Section 11378, and

19  Sale or Transport of Controlled Substance, in violation of California

20  Health and Safety Code Section 11379(a), in the Superior Court for

21  the State of California, County of Orange, Case No. 04ZF0068, on or

22  about August 19, 2005;

23       3.   Possession of a Controlled Substance while Armed with a

24  Firearm, in violation of California Health and Safety Code

25  Section 11370.1(a), in the Superior Court for the State of

26  California, County of Orange, case number 17WF1052, on or about

27  August 14, 2018; and

28       4.   Possession for Sale of Controlled Substance, in violation
```

4

of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Orange, case number 21WF1233, on or about May 6, 2022.

                                COUNT THREE

                      [18 U.S.C. § 924(c)(1)(A)(i)]

     On or about April 8, 2023, in Orange County, within the Central District of California, defendant BINH MA knowingly possessed a firearm, namely, a 9 mm Glock-style handgun, bearing no serial number (commonly referred to as a "ghost gun"), in furtherance of a drug trafficking crime, namely, possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Two of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One or Three of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

        (a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

        (b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

        (c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

        (d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

9

1   located upon the exercise of due diligence; (b) has been transferred,

2   sold to, or deposited with a third party; (c) has been placed beyond

3   the jurisdiction of the court; (d) has been substantially diminished

4   in value; or (e) has been commingled with other property that cannot

5   be divided without difficulty.

6

7

8                                              A TRUE BILL

9

10                                         /s/

11                                        _____

                                          Foreperson

12

13   E. MARTIN ESTRADA
     United States Attorney

14

15

16   MACK E. JENKINS
     Assistant United States Attorney
     Chief, Criminal Division

17

18   BENJAMIN R. BARRON
     Assistant United States Attorney
     Chief, Santa Ana Branch Office

19

20   LAWRENCE E. KOLE
     Assistant United States Attorney
     Santa Ana Branch Office

21

22

23

24

25

26

27

28